UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROXANNE MARTONE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-283 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF TRANSFER

Defendant Texas Department of Criminal Justice (TDCJ) and five individual defendants filed motions seeking an intradistrict transfer to the Houston Division on convenience grounds. Docket Entry Nos. 9, 12. The five individual defendants, as well as all but one of the ten individual defendants, work and reside in the Huntsville area, which is in the Houston Division. This case arose from the death of an inmate housed at TDCJ's Hunstville Unit, which is in the Houston Division. The plaintiff is the deceased inmate's daughter who resides in Harris County, which is in the Houston Division. The Galveston connection is that Defendant University of Texas Medical Branch (UTMB) is located in Galveston, and one UTMB official named as a defendant works and resides in the Galveston Division. After reviewing the parties' briefing and applicable law, the Court held a telephone conference and granted the Defendants' motion to transfer. For the reasons stated more fully on the record, the Court finds that the Southern District of Texas, Houston Division, is clearly a more convenient venue for this matter. *See In re*

*Radmax*, *Ltd.*, 720 F.3d 285, 287 (5th Cir. 2013) (per curiam) (noting that the same factors that govern transfers between districts also govern transfers within districts).

First, in terms of the private interest factors that the Court must consider in assessing a motion to transfer on convenience grounds, the Court finds that the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, and the cost of attendance for willing witnesses all favor transfer. *See In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (citing factors to consider in venue transfers). Even accepting as true for purposes of this motion Plaintiff's argument that UTMB policies formulated in Galveston will play a key role in this case, it remains highly likely that the vast majority of witnesses and parties will be people residing in the Houston Division. While it is often hard to predict which nonparties will end up being key witnesses at this early stage in a case, the Court falls back on the fact that nine of the ten individuals sued reside in the Houston Division (more specifically, in the Huntsville area in the northern reaches of the Southern District, meaning Galveston poses a greater inconvenience than it does for people residing in Houston). And the Plaintiff's choice of forum receives less deference because she does not reside in the Galveston Division. *See Apparel Prod. Servs. Inc. v. Transportes De Carga Fema, S.A. de C.V.*, 546 F. Supp. 2d 451, 455 (S.D. Tex. 2008).

The public interest factor recognizing the "local interest in having localized interests decided at home" also favors transferring this case to the Houston Division. *In re Volkswagen*, 545 F.3d at 315. Plaintiff's father was an inmate in the TDCJ's Hunstville Unit and his death occurred in a hospital located in the Houston Division. The

location of the incident and fact that all but one of the defendants who allegedly engaged in the unlawful conduct that caused the death reside in the Houston Division gives that Division the stronger local interest in this case.  Though the Court has noted in previous transfer decisions that cases can often be resolved more quickly here than in Houston because of Galveston's smaller criminal docket, *see, e.g., Herbert v. Wade*, 2013 WL 5551037, at *4 (S.D. Tex. Oct. 7, 2013), the Court finds that the other convenience factors favoring Houston outweigh that court congestion factor.

For these reasons as well as the additional reasons stated on the record, the Motions to Transfer Venue (Docket Entry Nos. 9, 12) are **GRANTED**. The Court **TRANSFERS** this case to the Southern District of Texas, Houston Division.

SIGNED this 14th day of November, 2013.

_____
Gregg Costa
United States District Judge